SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
JAMES P. MAYO (SBN: 169897)
jmayo@grsm.com
RESHMA A. BAJAJ (SBN: 227106)
rbajaj@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants FCA US LC
and MOSS BROS. CHRYSLER JEEP DODGE RAM RIVERSIDE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMAR ZWICK, <br><br> Plaintiff, <br><br> vs. <br><br> FCA US LLC;  MOSS BROS. CHRYSLER DODGE JEEP RAM; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: <br><br> (Removed from Riverside County Superior Court, Case No. CVRI2301100) <br><br> **DEFENDANTS' NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that Defendants FCA US LLC ("FCA US") and MOSS BROS. CHRYSLER JEEP DODGE RAM RIVERSIDE ("MOSS BROS.") by their counsel, GORDON REES SCULLY MANSUKHANI, LLP, hereby remove to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, and 28 U.S.C. § 1367, based upon federal question and supplemental jurisdiction, the claims initially filed as Case No. CVRI2301100 of the Superior Court of California, County of Riverside.  In support of this removal, Defendants state as follows:

-1-
DEFENDANTS' NOTICE OF REMOVAL

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Riverside, by Plaintiff TAMAR ZWICK ("Plaintiff") against FCA US and MOSS BROS., entitled *TAMAR ZWICK v. FCA US, LLC*, et.al. Case No. CVRI2301100 (the "State Action").

2. Plaintiff filed the State Action on March 3, 2023, asserting claims under the federal Magnusson-Moss Warranty Act and for fraudulent inducement-concealment against FCA US, and a claim for negligent repair against MOSS BROS. (*See* Complaint, attached as Exhibit "A" to the Declaration of James P. Mayo "Mayo Decl." served and filed herewith).

3. This action may be removed to the Court pursuant to 28 U.S.C. § 1441(a) because the action arises under the constitution, laws or treaties of the United States. Specifically, Plaintiff asserts a claim against FCA US under 15 U.S.C. §§ 2301 et. seq., the Magnusson-Moss Warranty Act. (*See* Complaint at ¶¶ 53-65.) The Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

## II. PROCEDURAL REQUIREMENTS

4. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *28 U.S.C § 1446(b)(3).*

5. As applied here, Defendants were first served with a copy of Plaintiff's document production on May 9, 2023, which contained a copy of the Sales Contract for the subject vehicle establishing its purchase price. Therefore, this Notice of Removal is timely filed. (See Exhibit "B" to the "Mayo Decl.")

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA US's possession are contained in Exhibits "A" and "C-D" filed herewith (*see* Mayo Decl., ¶¶ 7-8).

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action originates.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Riverside, promptly after filing of same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of their position that this case is properly removable.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' respective rights to assert defenses including, without limitation, the defenses of: (i) lack of jurisdiction over person; (ii) improper venue and/or *forum non conveniens;* (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join indispensable party(ies); or, (viii) any other procedural or substantive defenses available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

12. The Magnusson-Moss Warranty Act creates federal question jurisdiction when the amount in controversy exceeds "$50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in the suit." *15 U.S.C. § 2310(d)(3)(B).*

13. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195

-3-
DEFENDANTS' NOTICE OF REMOVAL

(9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014)).

14. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, *supra,* at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego, supra,* at 691. (internal citation omitted).

15. FCA US disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy exceeds $50,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

16. In the Complaint, Plaintiff seeks monetary damages and statutory relief. Plaintiff asserts claims for relief under the Magnusson-Moss Warranty Act based upon alleged defects in a 2021 Chrysler Pacifica vehicle (*see* Complaint at ¶ 8, and *generally*).

17. Plaintiff alleges that on or about August 20, 2021, he/she purchased the subject vehicle. (Complaint, ¶ 8.)

18. In the Complaint, Plaintiff seeks actual damages, restitution, consequential and incidental damages, and rescission of the purchase contract.

-4-
DEFENDANTS' NOTICE OF REMOVAL

19. Plaintiff also seeks "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e)." (Complaint, Prayer, p. 13.)

20. In addition, Plaintiff seeks "costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d)," and "prejudgment interest at the legal rate." (Complaint, Prayer, pp. 12 & 13.)

21. Where, like here, a damage claim purportedly is asserted under the Song-Beverly Consumer Warranty Act (the "Act"), the court may consider both actual damages and civil penalties under the Act in determining the amount in controversy. See, *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D.Cal. 2002); *Lawrence v. FCA US LLC,* 2016 WL 5921059 (C.D. Cal. 2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties). In addition, this Court may also consider reasonable estimates of attorneys' fees in calculating the amount in controversy. *See Alvarado v. FCA US LLC*, 2017 WL 2495495 (C.D. Cal. 2017), citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)*; Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007).

22. If Plaintiff were to prevail on the asserted claims, he/she could be awarded damages of $50,000.00 (or more if awarded statutory civil penalties and attorney's fees). As noted above, in the Complaint, Plaintiff seeks a repurchase of the subject vehicle (restitution of "all monies expended"), "a civil penalty in the amount of two times Plaintiff's actual damages," and attorneys' fees, costs and expenses.

23. According to the Sales Agreement for the subject vehicle produced by Plaintiff (attached as Exhibit "B" to Mayo Decl.), the total financed price of the subject vehicle, including registration, taxes, interest, and other associated fees was $52,035.61. Plaintiff's purported claim for actual damages and a civil penalty of two times that amount equals $156,106.83.

24. Plaintiff further seeks unspecified incidental and consequential damages, and also, prejudgment interest, which would further increase the amount in controversy. Furthermore, Plaintiff seeks attorney' fees, which commonly exceed $35,000 in these cases.

25. Based upon the foregoing, the total amount in controversy exceeds $50,000 and removal is proper.

## V.   CONCLUSION

WHEREFORE, Defendants respectfully request that this matter be removed to this Court.

Dated: June 8, 2023     GORDON REES SCULLY MANSUKHANI, LLP

*/s/ James P. Mayo*
Spencer P. Hugret
James P. Mayo
Reshma A. Bajaj
Attorneys for Defendant
FCA US LLC and LITHIA OF EUREKA, INC., dba LITHIA CHRYSLER DODGE JEEP RAM FIAT OF EUREKA